**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 25 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CURTIS BOYD, | No. 17-16750 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-01966-LJO-SAB |
| v. | |
| C. ETCHEBEHERE, Associate Warden; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted July 23, 2018[**]

Before:   TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

California state prisoner Curtis Boyd appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging a First Amendment free

exercise of religion claim arising from a prison policy regarding the observation of

Ramadan.  We have jurisdiction under 28 U.S.C. § 1291.  We review summary

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

judgment rulings de novo, *Jones v. Williams*, 791 F.3d 1023, 1030 (9th Cir. 2015), and we affirm.

The district court properly granted summary judgment because Boyd failed to raise a genuine dispute of material fact as to whether defendants' Ramadan meal policy substantially burdened his religious practice. *See id.* at 1031-32 (free exercise claim requires showing that government action substantially burdens the practice of plaintiff's religion).

The district court did not abuse its discretion by denying Boyd's motion to amend because Boyd failed to establish any grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993).

The district court did not abuse its discretion by denying Boyd's discovery and sanctions motions because defendants produced all documents responsive to Boyd's discovery requests that existed or could be located. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *Ingham v. United States*, 167 F.3d 1240, 1246 (9th Cir. 1999).

**AFFIRMED.**